**Venetik HAJDERASI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–2784–AG.**

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

---

1. Pursuant to Federal Rule of Appellate Pro-   cedure 43(c)(2), Attorney General Alberto R.

Venetik Hajderasi, Astoria, New York, for Petitioner, pro se.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina; Christie V. Newman, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

SUMMARY ORDER

Petitioner Venetik Hajderasi, a native and citizen of Albania, petitions for review of an order of the BIA affirming, in part, a decision of an immigration judge ("IJ") Jeffrey S. Chase and rejecting the petitioner's application for asylum and withholding of removal. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the

Gonzales is automatically substituted for former Attorney General John Ashcroft as a re- spondent in this case.

IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *see also Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005) (finding that, when the BIA affirms the IJ's holding in all but one respect, "we review the judgment of the IJ as modified by the BIA's decision— that is, minus the single argument for denying relief that was rejected by the BIA"). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida– Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal citations omitted).

■ With regard to the BIA's determination that the IJ's conduct did not deprive Hajderasi of a fair hearing, Hajderasi has not indicated that he has been prejudiced by the IJ's conduct at his hearing, or what information, if any, he desired to present at the hearing, but was not allowed to do so. *See Reyes–Melendez v. INS,* 342 F.3d 1001, 1007 (9th Cir. 2003). Thus, while the IJ may have been impolite or aggressive in his questioning, Hajderasi was not harmed by that conduct insofar as due process is concerned. Moreover, this Circuit has recognized that, "[w]here an applicant gives very spare testimony, ... the IJ or the INS may fairly wonder whether the testimony is fabricated.... If so, the IJ and counsel for the INS may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003). While the IJ extensively questioned Hajderasi during the hearing, an independent review of the record indicates that the questioning fell within the proper role of an IJ to draw out inconsistencies or attempt to clarify ambiguities and omissions. Therefore, because Hajderasi has not alleged any prejudice, and the questioning by the IJ was within the scope of his authority, the BIA properly concluded that Hajderasi was not denied a fair hearing. That said, we agree with the BIA that the IJ's tone was at times "inappropriately sarcastic" but that the IJ's conduct did not ultimately violate due process. We are troubled nonetheless by his sarcastic tone and by his manner of questioning, which is easily perceived as badgering. Such behavior by a judge is rarely appropriate.

■ In support of his adverse credibility determination, the IJ specifically noted that Hajderasi lacked knowledge about the Bally Kombetar Party even though Hajderasi alleged to be an active member; was unable to identify members of the Bally Kombetar Party; could not identify the election strategy of the party even though he claimed to be on the election strategy committee; failed to identify any other committees within the party; and lacked knowledge about the party's platform and its policies. Because Hajderasi is seeking asylum based on his fear that he would be persecuted because of his political activities in Albania, Hajderasi's inability to provide information about his political party or the activities in which he participated goes to the heart of his request for relief. Thus, the record shows that the IJ

outlined "specific, cogent reasons" for his adverse credibility finding, the finding relates to information central to Hajderasi's claim, and Hajderasi's testimony was inconsistent and lacked detail with regard to his political activities. Furthermore, to the extent that the IJ considered Hajderasi's failure to provide corroborating evidence indicating that the Bally Kombetar Party was persecuted in Albania, or that a Bally Kombetar rally occurred, this Court has found that "[t]he presence or absence of corroboration may properly be considered in determining credibility," as long as it is not the sole factor considered. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Altogether, the IJ's adverse credibility finding was supported by substantial evidence.

■ Finally, to the extent that Hajderasi claims on appeal that the IJ and BIA improperly applied a heightened burden of proof, Hajderasi's brief to this Court does not discuss or clarify what is meant by this allegation, and, in any event, the record does not indicate that a heightened standard was applied. Therefore, this issue is deemed waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived.").

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

For the foregoing reasons, the petition for review is DENIED.